COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

MITCHELL A. TOWNSEND

v.          Record No. 2160-93-1          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                  SEPTEMBER 5, 1995

             FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                      Glen A. Tyler, Judge

             Carl H. Bundick (Mapp, Mapp & Klein, on
             brief), for appellant.

             Robert B. Beasley, Jr., Assistant Attorney
             General (James S. Gilmore, III, Attorney
             General, on brief), for appellee.


     On appeal from his conviction of sale of a controlled

substance in violation of Code § 18.2-248, Mitchell A. Townsend

contends that the trial court erred in refusing to dismiss the

charge pursuant to Code § 19.2-243.  We agree and reverse the

judgment of the trial court.

     Code § 19.2-243 requires that an accused not held in custody

be "forever discharged from prosecution [on the charge] if no

trial is commenced in the circuit court within nine months from

the date such probable cause was found. . . . The provisions of

this section shall not apply to such period of time as the

failure to try the accused was caused:  By continuance granted on

motion of the accused or his counsel. . . ."

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Townsend was arrested on October 7, 1992.  On November 2, 1992, the juvenile and domestic relations district court found probable cause and certified the charge to the circuit court. Townsend posted bond and remained free until trial.  On December 7, 1992, he was indicted by the grand jury.

In accordance with the custom of the trial court and its bar, the Commonwealth's Attorney and defense counsel conferred, determined that trial by jury would be waived, and scheduled the case for a bench trial on June 11, 1993.  The trial court entered no order reflecting this arrangement.

On June 10, 1993, defense counsel informed the Commonwealth's Attorney that Townsend had changed his mind and wanted a jury trial.  On June 11, 1993, Townsend was arraigned, pled not guilty, and demanded trial by jury.  He stated that he was not ready for trial that day.  The trial court asked defense counsel whether he was moving for a continuance.  Defense counsel replied, "No, sir.  The next available date we stand ready to try this case."  The Commonwealth's Attorney stated, "the Commonwealth is not moving for a continuance . . . and further, the Commonwealth objects to any continuance."  Defense counsel then said, "the defendant is not here seeking a continuance."

The trial court and counsel discussed the requirement of Code § 19.2-243 and agreed tentatively that the cutoff date under the statute was August 2, 1993.  The trial court informed Townsend that it could not impanel a jury that day, that it would

provide him a jury trial, but that doing so required continuing the case.  It informed him that he was deemed to have moved for a continuance.  The trial court entered an order continuing the case but the court did not, by order or in any manner on the record, reschedule the case.  The case was rescheduled for trial August 19, 1993, apparently by the Commonwealth's Attorney's office.  The record does not reflect that this date was requested by Townsend or that it was set with his express concurrence, as distinguished from his mere acquiescence.

Although no order memorializes the scheduling of the case for trial June 11, 1993 and the waiver of trial by jury, the record establishes without contradiction that this arrangement was made by the Commonwealth's Attorney and defense counsel as a firm commitment, in accordance with well-established customary practice by the trial court and its bar.  Townsend had the right to change his mind and to demand a jury trial, but because he did so knowing that the trial court could not impanel a jury for the scheduled date, his motion, of necessity, included a motion for a continuance to the trial court's next available date.

> Any delay in the trial, however, which is attributable to the defendant will not be counted in determining whether the Commonwealth complied with the statutory speedy trial mandate. . . . [T]o the extent that the defendant requested or concurred in any delay, that time will be excluded in determining whether the trial took place within the mandated time period.  If the defendant caused the delay through his action, that time will not be considered in computing compliance with the speedy trial statute.

Shearer v. Commonwealth, 9 Va. App. 394, 399-400, 388 S.E.2d 828,

830-31 (1990).

The cutoff date under Code § 19.2-243 was August 2, 1993, nine months after the finding of probable cause in the juvenile and domestic relations district court.  At the time of the June 11 continuance, fifty-two days remained before the falling of the statutory bar.  The record reflects no good cause for the trial court's failure to reschedule Townsend's case within that time.

The record discloses plainly that, according to its established custom, the trial court permitted counsel to schedule the case and that the trial court relied on counsels' diligence.

However, the trial court thereby assumed responsibility for the errors of counsel.  The trial court could not abdicate in favor of counsel its obligation to maintain its docket.  Specifically, it could not abdicate its responsibility to insure that Townsend's rights under Code § 19.2-243 were respected.

The judgment of the trial court is reversed and the charge is ordered dismissed.

<u>Reversed and dismissed.</u>